Dear Mayor McGlothin,
On March 11, 2009, our office issued Atty. Gen. Op. 08-0319, wherein we opined that the Town of Ferriday, may, but is not required to, reimburse the former mayor for legal expenses he incurred defending criminal charges brought against him as a result of the performance of his official duties, and of which he was found not guilty. We further opined that should the town council exercise its discretion to reimburse the former mayor's legal expenses, the town council would have to determine that the expenses were reasonable and necessary.
After Atty. Gen. Op. No. 08-0319 was released, you submitted an opinion request asking whether the Atty. Gen. Op. No. 08-0319 would be decided differently based on the following facts:
 1. Mr. Davis (the former mayor) is now deceased. An estate has not been opened.
 2. Mr. Davis' attorney refuses to disclose the terms of any agreement he may have had with Mr. Davis, including itemized billing, whether any retainer fee was paid, and whether the attorney has received any payment on the outstanding bill.
 3. Payment of these legal fees would exceed the Town's ability to pay other bills which the Town is obligated to pay.
 4. Only the former mayor benefited from the attorney's services.
Based on these new facts, you ask whether the council would be accountable for approving a payment of legal fees that is not legally enforceable. None of the facts you have presented in your opinion request would cause us to reach a different conclusion than the one we reached in Atty. Gen. Op. No. 08-0319. When a local public official has been the subject of a prosecution of criminal *Page 2 
charges arising out of the performance of the official functions of his office, and the prosecution results in an acquittal or dismissal, the public official's legal fees may be paid or reimbursed from public funds, provided the legal fees and expenses are reasonable and necessary. Atty. Gen. Op. Nos. 08-0319, 07-0045, 99-180, 94-384, 87-699.
We reemphasize that the Town is under no legal obligation to pay this legal bill. The prescriptive period to enforce this debt accrued long ago. We also note that the police jury has the duty to be a prudent manager of the public fisc. This includes paying bills on time. Paying discretionary bills which are not legally enforceable before paying the Town's current bills is not being fiscally responsible. Likewise, paying a legal bill without having a copy of the bill is not being fiscally responsible because without that documentation, the town council cannot determine that the fees charged and time spent on the case by the attorney were reasonable and necessary.
We disagree with the assertion that only the former mayor benefitted from the attorney's services. It is the opinion of this office that allowing public funds to be used to pay or reimburse the legal fees incurred by a public official who has been the subject of a prosecution of criminal charges arising out of the performance of the official functions of his office (and the prosecution results in an acquittal or dismissal) serves a public purpose. As stated in Atty. Gen. Op. No. 08-0319:
 Public officials are more prone to having frivolous lawsuits filed against them than ordinary citizens and must defend themselves regardless of the merit of the lawsuit. If a public official who successfully defended himself from a civil claim or from criminal charges filed as a result of the performance of his public duties had to pay his fees with personal funds, it would severely limit the number of people who would run for (and remain in) public office. Atty. Gen. Op. No. 83-611. Allowing public funds to be used to pay or reimburse legal fees incurred in successfully defending oneself encourages individuals to seek or remain in public office with the assurance that if they are force to defend their actions while serving in their official capacity, they would be entitled to reimbursement upon exoneration. See Atty. Gen. Op. Nos. 90-38, 80-105, 79-349A. This, in turn, gives the electorate a greater choice in who to elect to public office.
Although the former mayor is now deceased, he and the Town of Ferriday still received the benefit of his attorney's services. Therefore, the Town may still pay the legal bill, if it chooses to.
Accordingly, it is the opinion of this office that the Town of Ferriday has complete discretion to decide whether to pay the legal fees incurred by the former mayor in *Page 3 
successfully defending criminal charges brought against him as a result of carrying out the official duties of his office. If the Town decides to pay the legal expenses with public funds, such payment would not violate La.Const. art. VII, Sec. 14(A).
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: _________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt